# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>STORMEE HANEY,<br>　　　　Defendant. | Case No. 13-cr-00689-BLF-1<br><br>ORDER ADDRESSING DEFENDANT'S LETTERS RE REDUCTION IN SENTENCE AND CREDIT FOR TIME SERVED<br><br>[RE: ECF 35, 39] |

Defendant Stormee Haney, a federal prisoner serving an 84-month term of imprisonment, has filed two letters inquiring whether she received a reduction in sentence pursuant to 18 U.S.C. § 3582 and credit for time served. Letters, ECF 35, 39. Haney states that although she understood at the time of sentencing that she was to receive both the reduction and the credit, she has not been able to find reference to either in her records. *Id.*

The Federal Public Defender's Office has construed Haney's inquiry as a motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and has filed a Notice of Non-Intervention, indicating that "the Office of the Federal Public Defender in the Northern District of California has reviewed Defendant's motion and has nothing further to add to her request." Notice of Non-Intervention, ECF 37.

It is not clear whether Haney actually intends to bring a motion or whether she merely seeks clarification regarding the status of the reduction in sentence and credit that she expected to receive. As discussed below, the Court clarifies that Haney received a two-level reduction in offense level at the time of sentencing and that she is not entitled to a reduction in sentence under 18 U.S.C. § 3582. The Court also clarifies that the Bureau of Prisons ("BOP"), and not the Court,

1 has authority to calculate credit for time served. Thus to the extent that Haney does move for a reduction in sentence or credit for time served, such motion is DENIED.

## I. BACKGROUND

On October 16, 2013, a grand jury issued an indictment charging Haney with Conspiracy to Possess with Intent to Distribute, and to Distribute, Methamphetamine in violation of 21 U.S.C. § 846 (Count 1); and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 2). Indictment, ECF 1. Haney thereafter entered into a written Plea Agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Plea Agreement, ECF 25. The Plea Agreement provided that Haney would plead guilty to Count 1 only and would be sentenced to 84 months imprisonment, 5 years supervised release, a fine in an amount to be determined by the Court, and a special assessment in the amount of $100. *Id.* ¶¶ 1, 8. The Plea Agreement recognized that the United States Sentencing Commission was contemplating an amendment to United States Sentencing Guideline § 2D1.1, governing drug trafficking offenses, which would lower base offense levels in the drug quantity table by 2 levels. *Id.* ¶ 7. The Plea Agreement expressly treated that amendment as if it already were applicable to Haney's case, applying the contemplated 2-level reduction in calculating Haney's total offense level as 27. *Id.* Judge D. Lowell Jensen, the district judge then assigned to the case, accepted Haney's plea on August 7, 2014 and set sentencing for October 30, 2014. Minutes, ECF 20; Order Accepting Plea, ECF 24.

Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR") calculating the applicable Guideline range as 188 months – 235 months and recommending a 130 month term of imprisonment. PSR, ECF 27. Haney filed a sentencing memorandum conceding "the technical accuracy of the PSR" but requesting that Judge Jensen sentence her to 84 months imprisonment pursuant to the terms of the Plea Agreement. Def.'s Sentencing Memo., ECF 28. Judge Jensen did so, sentencing Haney on October 30, 2014 to the custody of the BOP for a term of 84 months on Count 1 and granting the Government's motion to dismiss Count 2. Minutes, ECF 30; Judgment, ECF 33. The contemplated Guidelines amendment, which was applied prospectively under the Plea Agreement, became effective in

2

November 2014 as Amendment 782. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1041 (9th Cir. 2017) ("In November 2014, Amendment 782 to the Guidelines became effective, lowering by two levels the base offense level calculated under § 2D1.1(c) for certain drug types and quantities.").

Because Judge Jensen has retired, this case has been reassigned to the undersigned judge. Haney's letters regarding reduction in sentence and credit for time served are addressed as follows.

## II. DISCUSSION

### A. Reduction in Sentence

"Under federal sentencing law, a district court generally 'may not modify a term of imprisonment once it has been imposed.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)). "This baseline rule is subject to an important exception: a district court may reduce a sentence based on a guideline range that is later lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)). Deciding whether to reduce a defendant's sentence under § 3582(c)(2) is a two-step process. *Id.* "[A] district court first determines a defendant's eligibility for a reduction." *Id* "If a defendant is eligible, the court must then consider the factors in 18 U.S.C. § 3553(a) and assess whether the requested reduction is warranted." *Id.*

In order to establish eligibility, "a defendant must show (1) that his sentence was 'based on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Rodriguez-Soriano*, 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)(2)). A sentence imposed following a Rule 11(c)(1)(C) plea agreement may be "based on" a guideline range if the district court in fact relies on the guideline range in imposing sentence. *Id.* at 1042-43. However, if the district court imposes "a particular sentence for reasons unrelated to the guideline range," the sentence is not "based on" the guideline range and the defendant is not eligible for a reduction. *Id.* at 1043-44.

In the present case, the sentence imposed by Judge Jensen was not "based on" the guideline range. As discussed above, Probation calculated the applicable guideline range to be 188 months – 235 months, and Haney did not dispute that calculation. Judge Jensen did not

3

impose a sentence within that range, but instead imposed the 84-month term of imprisonment agreed to by the parties in the Plea Agreement. The 84-month term was calculated in part by prospectively applying the 2-level reduction in offense level which later was adopted as Amendment 782.

Accordingly, the Court clarifies that Haney already received the 2-level reduction in offense level that she references in her letters, and that she is not eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

### B. Sentencing Credit

Haney states that it was her understanding that she was to receive 11 months credit for time served. To the extent that she understood Judge Jensen to be awarding such credit when he sentenced her, Judge Jensen lacked authority to do so. *See United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) ("[D]istrict courts lack authority at sentencing to give credit for time served."). Under the applicable statutory scheme, "credits cannot be calculated until the defendant commences serving his sentence," and then it is the BOP rather than the district court which must make the initial calculation of credit for time served. *Id.*

The Court therefore clarifies that it lacks authority to grant Haney credit for time served, and that any inquiry regarding credit must be directed to the BOP.

## III. ORDER

(1) With respect to Defendant Haney's inquiry regarding a reduction in sentence, the Court clarifies that she was sentenced to the 84-month term of imprisonment agreed to by the parties in the Plea Agreement. The 84-month term was calculated in part by prospectively applying the 2-level reduction in offense level which later was adopted as Amendment 782. To the extent that Haney moves for a reduction in sentence under 18 U.S.C. § 3582(c)(2), such motion is DENIED.[1]

---

[1] Any such motion also would be barred by Haney's express waiver of the right to seek relief under 18 U.S.C. § 3582. Plea Agreement ¶ 5 ("I also agree not to seek relief under 18 U.S.C. § 3582). Such waivers are enforceable in the Ninth Circuit if knowingly and voluntarily made. *United States v. Malone*, 503 Fed. App'x 499, 499-500 (9th Cir. 2012) (reversing the district court's reduction of sentence under 18 U.S.C. § 3582(c)(2) where the defendant waived the right to seek relief under § 3582(c)(2) in his underlying plea agreement).

4

(2) With respect to Defendant Haney's inquiry regarding credit for time served, the Court clarifies that the Bureau of Prisons ("BOP") rather than the Court has authority to calculate credit for time served. Accordingly, to the extent that Haney moves for sentencing credit, such motion is DENIED.

Dated: July 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge